| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | NO. 1:24-CR-91 |
| | § | |
| | § | |
| BRANDON ESBOBAR | § | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred a petition alleging violations of supervised release conditions to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

At the close of the revocation hearing, U.S. Magistrate Judge Zack Hawthorn recommended:

1. finding the Defendant violated the second allegation in the petition that he failed to follow a standard condition of release;

2. revoking the Defendant's supervised release pursuant to 18 U.S.C. § 3583; and

3. sentencing the defendant to a term of 7 months' imprisonment to be served at the Federal Correctional Institution in Texarkana, Texas, if the Bureau of Prisons can accommodate such request, with one year of supervised release to follow. The court adopts the magistrate judge's findings for the imposition of the same standard, mandatory, and special conditions of supervised release previously imposed when the Defendant was originally sentenced (in addition to the new conditions listed on the following page). The Defendant's agreed upon revocation sentence shall run consecutively to the term of imprisonment imposed in Cause No. 192602201010, 183rd District Court, Harris County, Texas.

At the close of the revocation hearing, the Defendant, defense counsel and counsel for the Government each signed a standard form waiving their right to object to the proposed

findings and recommendations contained in the magistrate judge's report, consenting to revocation of supervised release and imposition of the sentence recommended. The Defendant also waived his right to be present with counsel and to speak at sentencing before the court imposes the recommended sentence.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. It is therefore

**ORDERED** and **ADJUDGED** that the petition is **GRANTED** and Brandon Escobar's supervised release is **REVOKED**. Judgment and commitment will be entered separately, in accordance with the magistrate judge's recommendations. As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed. Such conditions are set forth in the Judgment, and the rationale for these special conditions is contained in the Defendant's Presentence Investigation Report. Furthermore, based on Mr. Escobar's conduct during the previous term of supervised release, it is further

**ORDERED** that the additional special conditions of supervised release be imposed:

> Under the guidance and direction of the U.S. Probation Office, you must complete a program of counseling for anger management. The probation officer will supervise your participation in the program and you must pay any cost associated with the program.

> You must not communicate, or otherwise interact, with Ivanna Marie Benavides, without first obtaining the permission of the probation officer. Communication and interaction with Ms. Benavides through a third party, related to a shared child, must also have prior permission of the probation officer.

SIGNED at Beaumont, Texas, this 5th day of December, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

2